In the Matter of the Claim of JEAN RIEZMAN, Respondent, against LAUFER'S RIVERVIEW LODGE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from that part of a decision and award of the Workmen's Compensation Board which modified the decision of a trial referee and charged one third of compensation benefits awarded to the claimant subsequent to October 15, 1951, against the appellants. Claimant was employed as a cook and on October 3, 1950, she accidentally struck her left ankle against a pot and thereafter developed a varicose ulcer. Prior to this date claimant had suffered from bilateral varicose veins. From the effects of the accident mentioned claimant was totally disabled until December 19, 1950. When last seen by her attending physician on May 29, 1951, the ulcer on the left leg caused by this accident had healed. She began her

employment with the appellant employer on June 7, 1951, again in the capacity of a cook. On July 1, 1951, and while in the course of her employment she again injured her left leg and developed another varicose ulcer. As a result of this second accident she became totally disabled from September 6, 1951, to October 15th of the same year. The board has found that since this latter date she remained partially disabled at least up until April 15, 1954. No question is raised as to intermediate awards but appellants argue that they are not liable for any compensation after October 15, 1951. This argument is based upon a finding of the board which said that as a result of the accident of July 1, 1951, the claimant sustained accidental injuries in the nature of a temporary aggravation of the pre-existing condition caused by the accident of October 3, 1950. However, this finding related only to total disability, and the board also found that claimant was partially disabled from October 15, 1951 to April 15, 1954. There is substantial medical testimony to support the conclusion that this residuum of partial disability was caused by both accidents, and the board apportioned the liability in the proportions of two thirds to the first accident and one third to the second. We find no reason to disturb such findings and conclusions as a matter of law. Decision and award unanimously affirmed, with costs to the respondent employer, 753 Nostrand Avenue Corporation and its insurance carrier. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.